**DAVID ALLEN (SBN 87193)**
DAVID ALLEN & ASSOCIATES
5230 Folsom Boulevard
Sacramento, California 95819
(916) 455-4800 Telephone
(916) 451-5687 Facsimile

Attorneys for Plaintiff
MIKE MCGAFF

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MCGAFF, <br><br> Plaintiff, <br><br> v. <br><br> AETNA, BALLY TECHNOLOGIES, and DOES 1 to 100, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **1. Breach of Plan (Contract Benefits)** <br> **2. Interference with Protected Rights** <br> **3. Attorney Fees** |

## GENERAL ALLEGATIONS

1. This action seeks damages for the denial of total disability benefits under a long term disability insurance plan. AETNA issued the policy ("Plan") to Bally Technologies ("Bally"). Bally is the plan's sponsor and claim administrator. By amendments to the plan, Bally, Plaintiff, MIKE MCGAFF's employer, was allowed to participate.

2. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1337 and 29 U.S.C. §1132(e). Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 U.S.C. §1001, et. seq. and ERISA §510.

3. Venue is properly laid within the United States District Court, Eastern District of California, pursuant to 29 U.S.C. §1132(e)(2) because the acts complained of have occurred within this district, because the defendants do business within this district, and because the ends of justice so require.

**THE PARTIES AND THEIR RELATIONSHIPS**

4. . At all times herein mentioned, Plaintiff has been a participant in and a beneficiary of an employee benefit plan written by Defendant Aetna pursuant to 29 U.S.C. §1002(8) which offered long term disability benefits to the Plaintiff. Plaintiff was and presently is a beneficiary of the long term disability Plan.

5. Aetna wrote the insurance plan and was doing business within the Eastern District of California.

6. Bally administers the plan and was doing business withing the Eastern District of California.

6. Plaintiff is informed and believes, and, based upon such information and belief, alleges that the employee benefit plan which is the subject of this action is and was an employee welfare benefit plan within the meaning of 29 U.S.C. §1002 (1) sponsored by Bally for the purpose of extending benefits to Bally Technologies employees.

7. Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendants Aetna and Bally are corporations charged with certain administration responsibilities under the Plan; that Defendants' responsibilities extend to the misconduct alleged below; and that Defendants' employees and representatives functioned as fiduciaries within the meaning of 29 U.S.C. §1002(21)(a), in their dealings relating to Plaintiff's claims for benefits.

8. Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendant Aetna is a corporation acting as the agent for Bally, and vice versa; that Defendants are charged with certain claims-handling responsibilities under the Plan; that Defendants' responsibilities extend at least in part to the misconduct alleged below; and that Defendants' employees and representatives as fiduciaries within the meaning of 29 U.S.C. §1002(21)(a), in their dealings relating to Plaintiff's claims for benefits.

9. Unless otherwise indicated, each Defendant herein is sued as the agent, of every other defendant, and is alleged to have been acting within the course and scope of said agency, with the knowledge and consent of said co-defendants. Moreover, Plaintiff is informed and believes, and based upon such information and belief, alleges that each defendant has authorized or ratified the

wrongful activities of the remaining defendants,

10. Further, both Defendants Aetna and Bally funded the disability benefits under the Plan, and administered and determined claims under the Plan with fiduciary discretion. In doing so, Aetna and Bally had a conflict of interest which tainted its claims decisions as alleged herein; therefore, the claim process and denial alleged herein, and related matters, are subject to discovery and to de novo judicial review based on a non-deferential reasonableness standard. In addition, Plaintiff is entitled to augment the administrative record, including, but not limited to, historical facts and any and all information available at the time of the subject claims decision that might have supported Plaintiff's claim but was not sought out by or considered by Aetna in making the decision.

## FACTUAL BACKGROUND

11. Plaintiff, Mike McGaff, was enrolled in the Plan on or before October 1, 2008, and the required contributions were made by his employer on his behalf as soon as the benefits became available to him during his employment. This was in affect at the time of Plaintiff's permanently disabling events as herein described.

12. On or about January 22, 2009 Mike McGaff was working from home and experiencing worsening medical and psychiatric symptoms. He expressed the desire to cease work and apply for disability benefits in a meeting with Janet Presswood of Bally. Ms. Presswood stated the work he was doing was important to the company and requested that he not make application for disability and continue to work to the best of his ability. She assured Plaintiff that he would be advised if his position were to be terminated so he could make application for disability benefits prior to termination. Plaintiff's condition continued to decline.

13. On or about March 16, 2009, when the policy was in full force and affect, Plaintiff was no longer able to work more than a little time each day due to his disabling conditions. Plaintiff suffered, among other ailments, severe allergies, Sleep Apnea, Major Depressive Disorder, Generalized Anxiety Disorder with Panic Attacks, and Psychosis NOS, as well as the emotional consequences of a debilitating physical condition. Bally fired him on April 3, 2009.

1  Plaintiff, in full compliance with the terms and conditions of the policy, and in reliance on the
2  assurances given by Bally, applied to Aetna for disability benefits.
3      14.  Plaintiff's claim was denied, allegedly as a result of review of Plaintiff's medical
4  records.  Plaintiff appealed his claim, but Defendant Aetna continued to deny him benefits also
5  contending he applied for benefits after Bally terminated him and as such was no longer covered
6  under the Plan.
7
8      **FIRST CAUSE OF ACTION**: **BREACH OF CONTRACT: PLAN BENEFITS**
9  PLAINTIFF MIKE MCGAFF, FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
10 AETNA ALLEGES:
11     15.  Plaintiff refers to Paragraphs1 though 14 above and incorporates those paragraphs as
12 though set forth in full in this Cause of Action.
13     16.  That Plaintiff was enrolled under the plan which at all relevant times was in full force
14 and affect.  The terms and conditions of the plan at issue provided the Plaintiff would be covered
15 for disability due to sickness or injury when he could no longer perform the material and
16 substantial duties of his occupation while under a doctor's care. The plan and its promised
17 benefits were offered to Plaintiff as part of his compensation in exchange for providing service to
18 Bally Technologies.
19     17.  Plaintiff  performed all the conditions on his part which the plan required him to
20 perform including applying for Social Security Disability benefits.
21     18.  On or about March 16, 2009, Plaintiff became disabled and timely submitted a claim
22 for disability benefits.  This submission was denied.  Defendant Aetna stated Plaintiff was not
23 covered under the policy on the date he became disabled.
24     19.  Defendant breached the terms of the plan and its contract with Plaintiff by
25 continually refusing and failing to pay for Plaintiff's claim for disability benefits.
26     20.  As a direct and legal result of the breach of contract by Defendant as herein alleged,
27 Plaintiff has suffered and will continue to suffer in the future damages under the terms of the
28 policy, plus interest, for a total amount to be determined at the time of trial.

21. Defendant has unreasonably, arbitrarily and capriciously breached the obligations set forth in the ERISA claims practices regulations and in the plan issued by Defendant. Defendant has unreasonably, arbitrarily and capriciously withheld from Plaintiff the benefits promised by the plan.

### SECOND CAUSE OF ACTION:  INTERFERENCE WITH PROTECTED RIGHTS 29 USC Sec. 1140.(SECTION 510 DISCRIMINATION)

PLAINTIFF MIKE MCGAFF, FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT BALLY TECHNOLOGIES ALLEGES:

22. Plaintiff refers to Paragraphs1 though 21 above and incorporates those paragraphs as though set forth in full in this Cause of Action.

23. Plaintiff requested benefits from Bally Technologies.

24. In violation of 29 USC 1140 provides (section 510 Discrimination) Bally Technologies prevented Plaintiff from filing for benefits until after it terminated Plaintiff.

25. Aetna denied benefits based upon lack of coverage due to Plaintiff's termination from Bally Technologies.

### THIRD CAUSE OF ACTION: FOR AN AWARD OF ATTORNEYS FEES AND COSTS AGAINST DEFENDANT PURSUANT TO 29 U.S.C. § 1132(g)(1)

PLAINTIFF MIKE MCGAFF, FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT AETNA ALLEGES:

26. Plaintiff refers to Paragraphs1 though 21 above and incorporates those paragraphs as though set forth in full in this Cause of Action.

28. 29 U.S.C. §1132(g)(1) authorizes this Court to award reasonable attorney's fees and costs of action in an ERISA action.

29. As a result of the actions and failings of the Defendant, Plaintiff has retained the services of legal counsel and has necessarily incurred attorney's fees and costs in prosecuting this action.  Further, Plaintiff anticipates incurring additional attorney's fees and costs hereinafter in

1  pursuing this action, all in a final amount which is currently unknown.  Plaintiff therefore
2  requests an award of reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment as follows:

1. For the Long Term Disability Pan benefits which remain unpaid and payable under the Plan and pursuant to 29 U.S.C. §1132(a)(1)(B) from March 16, 2009, until paid, plus interest;

2. For reasonable attorney's fees and costs:  and

3. For such other relief as the Court deems proper.

DATED: June 14, 2010                         DAVID ALLEN & ASSOCIATES

*//s// David Allen*

By_____
   DAVID ALLEN
   Attorney for Plaintiff
   MIKE MCGAFF